UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J & M Distributing, Inc.,

                    Plaintiff,

v.

Hearth & Home Technologies LLC
and Magnotti and Sons, Inc. d/b/a
The FirePlace and The PatioPlace,

                    Defendants.

Civil File No.: 13-cv-00072-SRN-TNL

Judge Susan Richard Nelson

**PLAINTIFF J&M DISTRIBUTING,
INC.'S MEMORANDUM IN SUPPORT
OF MOTION *IN LIMINE* NO. 1 TO
LIMIT EVIDENCE AND TESTIMONY
RELATED TO PRIOR SETTLEMENT
NEGOTIATIONS AND THE 2001
SETTLEMENT AGREEMENT
BETWEEN THE PARTIES**

J&M Distributing, Inc. ("J&M") moves *in limine* to limit Defendants Hearth &
Home Technologies, LLC's ("HHT") and Magnotti & Sons' ("Magnotti") presentation of
evidence and testimony regarding the parties' 2001 Settlement Agreement and related
documents pursuant to Rule 403 of the Federal Rules of Evidence. While J&M does not
move to exclude all evidence and testimony regarding the fact and existence of the 2001
Settlement Agreement, it seeks to limit its use at trial given its marginal relevance to the
claims and defenses in this case.

       HHT has identified three exhibits it intends to present at trial that relate to a
previous settlement agreement between itself, J&M, and Magnotti in 2001. First, HHT
identifies, as Defendant's Exhibit 3, the 2001 Settlement Agreement between J&M and
HHT pursuant to which J&M agreed to resolves differences that it had with HHT
regarding its right to distribute HHT product in the territory defined as the five county
Pittsburgh, Pennsylvania market. *See* Omnibus Declaration of Jaime Stilson in Support

of Plaintiff's Motions *in Limine* ("Stilson Decl.") Ex. 1 (the 2001 Settlement Agreement).

Second, HHT identifies, as Defendant's Exhibit 5, handwritten notes from J&M principal

Jim Kleeh that describe the amounts J&M received in connection with the settlement.

*See* Stilson Decl. Ex. 2 (Mr. Kleeh's handwritten notes).  Third, HHT identifies, as

Defendant's Exhibit 19, a July 6, 2001 letter from J&M's counsel Steptoe & Johnson that

discusses issues related to the disagreement between the parties resolved by the 2001

Settlement Agreement.  *See* Stilson Decl. Ex. 3 (HHT000852-HHT000858).  Given the

designation of these exhibits, J&M anticipates that Defendants will seek to introduce

evidence and testimony regarding the negotiations leading up to the 2001 Settlement

Agreement and certain details regarding its terms.

While J&M acknowledges that the 2001 Settlement Agreement provides some

relevant, albeit limited, background regarding the parties' relationships and the definition

of territories assigned to J&M and Magnotti for purposes of distributing HHT product

from 2001 forward, the details regarding the dispute underlying the 2001 Settlement

Agreement, the negotiations leading up to it, and the specific details of the settlement

itself have no bearing on J&M's claims against Defendants for breach of contract,

violations of Section 1 of the Sherman Act, or its remaining state law claims.

The limited probative value of an extensive presentation of evidence and

testimony regarding the prior dispute between the parties in 2001 and the related

negotiations leading up to the 2001 Settlement Agreement is far outweighed by a number

of factors that support limiting such evidence and testimony, and where appropriate,

excluding it.  *See* Fed. R. Evid. 403 (this Court "may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence.").

*First*, evidence and testimony regarding the underlying negotiations leading up to

the 2001 Settlement Agreement will only mislead the jury, confuse the issues, and waste

time at trial.  This dispute centers around the actions of the parties from 2006 forward,

almost five years after the settlement in question was reached.   Rather than focusing on

the relevant issues at dispute in this trial, testimony and evidence regarding the

negotiations leading up to the 2001 Settlement Agreement might confuse the issues and

mislead the jury into focusing on how the prior dispute was resolved.  Those issues are

not germane to J&M's present claims.  Furthermore, if testimony and evidence is

permitted regarding the underlying details of the prior dispute and the negotiations

leading up to the 2001 Settlement Agreement resolving those issues, it will waste time at

trial on matters only marginally relevant to the case at hand, because witnesses from all

three parties will be questioned and cross-examined regarding them.  The Court should

limit such testimony and evidence, including the exclusion of Defendant's Exhibit 19.

*Second,* testimony and evidence regarding the terms of the 2001 Settlement

Agreement itself should be limited for similar reasons.  Any minimal probative value

related to understanding the parties' resolution of the prior dispute in the 2001 Settlement

Agreement, including the payment J&M received in consideration for settlement of that

dispute, is outweighed by the danger it presents in misleading the jury that the 2001

Settlement Agreement somehow resolved any of the present claims before the Court or is

somehow relevant to the damages that J&M claims in this case.  Accordingly, J&M respectfully requests that in order to safeguard against those dangers, the Court require Defendants redact paragraph 2 of the 2001 Settlement Agreement (Defendant's Exhibit 3) and redact reference to the amount of settlement referenced in Mr. Kleeh's handwritten notes (Defendant's Exhibit 5) before permitting their admission at trial.  J&M further requests that the Court provide a limiting instruction advising the jury that the 2001 Settlement Agreement is only to be considered for purposes of understanding the background relationships between the parties and the territories at issue in this case, but that it should not be considered in determining whether any of the current disputes between the parties have previously been resolved by settlement.[1]

In sum, pursuant to Federal Rule of Evidence 403, J&M respectfully requests that the Court issue an order that (1) limits the testimony and evidence regarding the 2001 Settlement Agreement to the fact and existence of the settlement itself and bar evidence and testimony regarding the details of the underlying dispute and the negotiations leading up to it (including Defendant's Exhibit 19), (2) requires redaction of the amounts paid to J&M per the terms of the Settlement Agreement in Defendants' Exhibits 3 and 5, and (3) requires that a limiting instruction be given during trial regarding admission of the 2001 Settlement Agreement as an exhibit and any related testimony.

---

[1]   If the Court agrees to grant this Motion in whole or in part, J&M respectfully requests the opportunity to propose a limiting instruction to be read to the jury consistent with the Court's ruling.

## CONCLUSION

For the foregoing reasons, J&M respectfully requests that the Court grant its

motion *in limine* and limit Defendants' presentation of evidence and testimony related to

the 2001 Settlement Agreement consistent with this Motion.

Dated:  December 15, 2014                    DORSEY & WHITNEY LLP


By:  s/Jaime L. Stilson
     George G. Eck (MN Bar #0025501)
     Jaime L. Stilson (MN Bar #0392913)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
eck.george@dorsey.com
stilson.jaime@dorsey.com

LAW OFFICES OF RAY C. STONER
Ray C. Stoner (admitted *pro hac vice*)
1258 Fox Chapel Rd.
Pittsburgh, PA  15238
Telephone:  (412) 400-8220
Ray.stoner@comcast.net

*Attorneys For Plaintiff J&M Distributing, Inc.*