UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J & M Distributing, Inc., | Civil File No.: 13-cv-00072-SRN-TNL |
| Plaintiff, | |
| v. | **PLAINTIFF J&M DISTRIBUTING, INC.'S OPPOSITION TO HEARTH & HOME TECHNOLOGIES LLC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ITS INTERNAL ANTITRUST POLICIES AND GUIDELINES** |
| Hearth & Home Technologies LLC and Magnotti and Sons, Inc. d/b/a The FirePlace and The PatioPlace, | |
| Defendants, | |

Plaintiff J & M Distributing, Inc. ("J&M") opposes Defendant Hearth & Home Technologies, LLC's ("HHT") Motion *in Limine* to Exclude Evidence of Its Internal Antitrust Policy and Guidelines (the "Motion"). HHT's arguments against this highly relevant evidence misfire. Just because HHT's employee noncompliance with its own antitrust policies is harmful to their case, it does not make it *unfairly* prejudicial.

J&M seeks to introduce three exhibits from HHT's own files, and related testimony, regarding HHT's antitrust policies: Plaintiff's Trial Exhibits 64, 64, 350, and 351. *See* Declaration of Jaime Stilson in Support of Opposition to HHT's Mtn. *in Limine* ("Stilson Decl.") Exs. A, B, C. and D. As set forth in further detail below, under Rule 401, HHT's internal antitrust policies are relevant to material issues in this case, and under Rule 403, evidence of them is not unfairly prejudicial, nor would J&M's contemplated use of them confuse or mislead the jury. Accordingly HHT's motion should be denied.

**ARGUMENT**

**I.    HHT'S INTERNAL ANTITRUST POLICY AND GUIDELINES ARE DIRECTLY RELEVANT TO TH HHT'S CONDUCT.**

HHT's first contends that evidence of its internal antitrust policies and guidelines, and HHT's failure to comply with them, is irrelevant. *See* Mot. at 2 (citing Fed. R. Evid. 402). HHT ignores this Court's summary judgment ruling and the standard for relevance. The Court already deemed these materials relevant in its summary judgment ruling. *See* Dkt. No. 120 (Summ. J. Order) at 24-25. "Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014) (citing Fed. R. Evid. 401); *see also, e.g.*, *Held v. Mitsubishi Aircraft Int'l, Inc.*, 672 F. Supp. 369, 390 (D. Minn. 1987). Under this standard, "'[t]he threshold for relevance is quite minimal.'" *Id.* (quoting *United States v. Holmes*, 413 F.3d 770, 773 (8th Cir. 2005)). Furthermore, under Rule 402,[1] the default position is that relevant evidence is admissible unless some statute or rule provides otherwise. Indeed,

Both parties agree that to prove its Section 1 Sherman Act claim, J&M must prove the existence of a conspiracy between HHT and Magnotti & Sons, Inc. ("Magnotti"). *See, e.g.*, Dkt. No. 176 (Joint Proposed Jury Instructions at Instruction No. 40, Dec. 15, 2014). Both parties agree that to prove the existence of the conspiracy, J&M must prove that the alleged conspiracy existed and that Defendants knowingly became members of that conspiracy—*i.e.*, voluntarily and intentionally, not because of a mistake or an

---

[1]   Cites in this Opposition to "Rule ___" refer to Federal Rules of Evidence.

accident.  *See, e.g.*, *id.* at J&M Proposed Instruction No. 41, HHT Proposed Instruction No. 41.  Testimony that HHT employees failed to follow HHT's own internal antitrust policies is highly relevant to its proof of a conspiracy—testimony regarding HHT employees' disregard of HHT's own internal policies is evidence of the mental state of those employees in agreeing with Magnotti to take certain steps in relation to the market vis-à-vis its relationship with J&M.  In other words, it is evidence that directly addresses a fact "of consequence to the determination of the action."  Fed. R. Evid. 401.

Furthermore, under Rule 401, evidence of HHT's internal antitrust policies and guidelines does make facts about these critical HHT-employee mental states "more probable or less probable."  For instance, the fact that HHT employees complied with or violated HHT's own antitrust policy and guidelines—and the ways HHT employees express or deny knowledge of violations—could tend to show that these employees' conduct was intentional rather than mistaken.  *Cf. In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 58 n.13 (E.D. Pa. Aug. 30, 2007) ("The Court agrees that it should not look to [two defendants' internal antitrust compliance policies] for the law upon which to base its decision.  The policies are relevant, however, as they relate to why [an employee of one defendant] felt uncomfortable with communications with competitors."); *In re Tableware Antitrust Litig.*, No. C-04-3514, 2007 WL 781960, at *2 (N.D. Cal. Mar. 13, 2007) ("The court finds that defendants' compliance policies pertain to this litigation, especially with respect to [defendants' conduct] during the alleged conspiracy.").

Finally, Plaintiff's Trial Exhibits 64 and 65, two of the four proposed exhibits, are independently relevant because it was given to J&M at the 2006 meeting which HHT

where the Distributor/Dealer Termination Information Checklist was also provided.  *See* Dkt. No. 103 ¶ 8, Ex. 1 (Declaration of Stephanie Hockenberry Supp. J&M"'s Opp. to Defs. Summ. J. Mtns).  Those documents, and the discussing surrounding it and the other documents given to J&M, are critical to J&M's presentation of evidence regarding the 2006 meeting.

It is indisputable that pursuant to Rules 401 and 402, evidence of HHT's internal antitrust policy and guidelines are relevant to this action, and the Court's default position should be that they are admissible.

**II.   USING HHT'S INTERNAL ANTITRUST POLICIES AND GUIDELINES WILL CREATE NO UNFAIR PREJUDICE OR CONFUSION, MUCH LESS PREJUDICE OR CONFUSION THAT SUBSTANTIALLY OUTWEIGHS THE EVIDENCE'S PROBATIVE VALUE.**

HHT's second argument is that evidence of HHT's internal antitrust policies and guidelines would be unduly prejudicial or would confuse or mislead the jury.  Mot. at 2 (citing Fed. R. Evid. 403).  Again, the Motion fails to discuss the relevant standards.

With respect to unfair prejudice, "[u]nder Rule 403, unfair prejudice 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'  Furthermore, '[e]vidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning.'"  *United States v. Bell*, 761 F.3d 900, 912 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 503 (2014) (quoting *United States v. Condon*, 720 F.3d 748, 755 (8th Cir. 2013)).  As for confusion of the issues, that "warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues."

4

*United States v. Dennis*, 625 F.2d 782, 796–97 (8th Cir. 1980) (citing *Seven Provinces Ins. Co. v. Commerce & Industry Ins. Co.*, 65 F.R.D. 674, 689 (W.D. Mo. 1975)).  Before it excludes relevant evidence, the Court must find that the evidence's probative value is *substantially* outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury.  See Fed. R. Evid. 403.

Evidence of HHT's internal antitrust policies and guidelines presents no risk of unfair prejudice.  HHT nowhere details how the use of these policies and guidelines tend to suggest decision on an improper basis or from improper reasoning.  *See, e.g.*, *In re Tableware*, 2007 WL 781960, at *2 (rejecting Rule 403 unfair-prejudice argument against introduction of company's internal antitrust policy, and noting that "FRE does not protect a party from all prejudice, only unfair prejudice").  The fact that HHT witnesses failed to follow HHT's internal antitrust policies, while prejudicial to HHT's case, is not unfair.

HHT's only sustained argument is that introducing evidence of HHT's internal antitrust policy and guidelines would "confuse the issues and mislead the jury" because the jury might mistake HHT's internal guidelines for the law applicable to the case under the Sherman Act.  See Mot. at 2.  But HHT does not show that its internal antitrust policy and guidelines differ from the Sherman Act in any way.  All it says on this score is that "HHT *may* hold itself to higher standards of antitrust compliance than the law requires, and thus HHT's description of Sherman Act requirements differs *slightly* from the Court's anticipated jury instructions."  *Id.* (emphasis added).  HHT fails to provide a single substantive difference between its internal policies and the Sherman Act, and

certainly does not show how use of the internal policies as evidence might confuse or mislead the jury.

The risks of unfair prejudice, confusion of the issues, or misleading the jury are thus low. On the other hand, HHT's internal antitrust policy and guidelines are highly probative—uniquely so, given the insight they could help provide into the mental state of HHT's employees in light of HHT's own expressed policies. HHT's Rule 403 argument thus flunks that rule's balancing test: HHT has not even shown that the Rule 403 dangers of J&M using HHT's internal antitrust policy and guidelines outweighs the evidence's probative value at all, much less that it does so "substantially."[2]

If, however, the Court disagrees and is inclined to excluding HHT's internal antitrust policies and guidelines, J&M suggests an alternative to full exclusion. While J&M believes that the materials should be admitted into evidence into their entirety, J&M would agree to seek admission of a redacted version of Plaintiff's Trial Exhibits 350 and 351 to limit any potential confusion of issues. *See* Stilson Decl. Ex. C at HHT000988; Ex. D at HHT000993-994 (highlighting the relevant paragraphs that J&M would seek to introduce). J&M would introduce only those portions of the antitrust policy directly on point. *Id.* For example, it would seek to introduce those portions of HHT's antitrust

---

[2] The cases HHT cites are not to the contrary. *MM Steel, LP v. Reliance Steel & Aluminum Co.* does not discuss unfair prejudice; it focuses only on the potential for jury confusion about legal standards. 2013 WL 6588836, at *3 (S.D. Tex. Dec. 16, 2013). But the decision has no analysis of how the internal policies at issue in *MM Steel* could mislead the jury, making it impossible to tell whether the case is analogous to this litigation. Similarly, *United States v. North* suggests that evidentiary use of internal compliance policies in that case would create a substantial risk of unfair prejudice, but the decision also contains no factual analysis, limiting that case's applicability to the present matter. 2007 WL 1630366, at *1 (D. Conn. June 5, 2007).

policies that relate to HHT's policies that decisions on territories and customers with whom it does business must be made unilaterally and without being subject to any understandings or agreements with customers. *Id.*; *see also* Dkt. No. 120 (Summ. J. Order highlighting same excerpts). In addition, if the Court permits use of the internal HHT materials, J&M would also be amenable to reading the jury a curative instruction distinguishing HHT's policies from the applicable law of the case. *Cf. United States v. Breitbach*, 180 Fed App'x 597, 599 (8th Cir. 2006) (noting that court's limiting instruction to jury "cured whatever unfair prejudice the introduction of [the evidence challenged under Rule 403] may have occasioned").

## **CONCLUSION**

For the reasons stated herein, J&M respectfully requests that the Court deny HHT's Motion.

Dated:  December 18, 2014	DORSEY & WHITNEY LLP


By:  */s Jaime Stilson*
        George Eck (MN Bar #0025501)
        Jaime Stilson (MN Bar #0392913)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
eck.george@dorsey.com
stilson.jaime@dorsey.com

LAW OFFICES OF RAY C. STONER
Ray C. Stoner (*admitted pro hac vice*)
1258 Fox Chapel Rd.
Pittsburgh, PA  15238
Telephone:  (412) 400-8220
ray.stoner@comcast.net

*Attorneys for Plaintiff J&M Distributing, Inc.*