# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**J & M Distributing, Inc.,**                    Civil No. 13-CV-72 (SRN/TNL)


      **Plaintiff,**                              **ORDER**

**v.**

**Hearth & Home Technologies, Inc. and**
**Magnotti and Sons, Inc. d/b/a**
**The FirePlace and ThePatioPlace,**

      **Defendants**.

_____

George G. Eck and Jaime Stilson, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, and Ray C. Stoner, Law Offices of Ray C. Stoner, 1258 Fox Chaple Road, Pittsburgh, Pennsylvania 15238, for Plaintiff.

Kelly W. Hoversten and Quentin R. Wittrock, Gray Plant Mooty Mooty & Bennett, PA, 80 South Eighth Street, Suite 500, Minneapolis, Minnesota 55402, for Defendant Hearth & Home Technologies, Inc.

Cory D. Olson and Courtland C. Merrill, Anthony Ostlund Baer & Louwagie, PA, 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, and D. Scott Lautner, Law Offices of D. Scott Lautner, PC, 68 Old Clarton Road, Pittsburgh, Pennsylvania 15236, for Defendant Magnotti and Sons
_____

SUSAN RICHARD NELSON, United States District Court Judge

      This matter is before the Court on the parties' Motions in Limine.  Defendant

Hearth & Home Technologies Inc. ("Hearth & Home") filed the following motions:

Hearth & Home's Motion in Limine to Exclude Evidence of Net Profits Plaintiff

Allegedly Would Have Earned on Certain Sales and to Reimburse Hearth & Home's Costs and Fees of Bringing this Motion [Doc. No. 170]; Defendant Hearth & Home's Motion in Limine to Exclude Evidence of DOJ and FTC Horizontal Merger Guidelines [Doc. No. 171]; Hearth & Home's Motion in Limine to Exclude Evidence of its Internal Antitrust Policy and Guidelines [Doc. No. 172]. Plaintiff J&M Distributing, Inc. ("J&M") filed the following motions: Plaintiff's Motion in Limine No. 1 to Limit Evidence and Testimony Related to Prior Settlement Negotiations and Settlement Agreement Between the Parties [Doc. No. 179]; Plaintiff's Motion in Limine No. 2 to Exclude Certain Testimony and Evidence Related to Hearth & Home's Termination of J&M [Doc. No. 181]; Plaintiff's Motion in Limine No. 3 to Exclude Testimony and Argument that the 2001 Distributor Agreement or its Terms Governed the Parties' Relationship from 2007 Forward [Doc. No. 183]; Plaintiff's Motion in Limine No. 4 to Exclude Evidence of Other Contracts [Doc. No. 185]; and Plaintiff's Motion in Limine No. 5 to Exclude Testimony of Hearth & Home Witness V.P. Berger [Doc. No. 187].

The Court heard argument on these motions at a pretrial hearing held on January 9, 2015. At the hearing, the Court ruled on several of the motions from the bench and took portions of certain motions under advisement. This Order memorializes the Court's rulings from the bench and addresses the remaining issues under advisement.

**A.      Hearth & Home's Motion in Limine to Exclude Evidence of Net Profits Plaintiff Allegedly Would Have Earned on Certain Sales and to Reimburse Hearth & Home's Costs and Fees of Bringing this Motion [Doc. No. 170**]

Hearth & Home's motion related to net profits is withdrawn by Hearth & Home in part as to Exs. P-94 and P-131 (Category 1 Documents, as identified in Hearth & Home's Motion); and denied in part as to Exs. P-110 (Category 2 Document), P-136 (Category 2 Document), P-137 (Category 3 Document), P-141 (Category 2 Document), P-142 (Category 3 Document), P-264 (Category 4 Document), and P-459 through P-480 (Category 5 Documents), and denied as to the request for costs and fees.  The Court's ruling with respect to the admissibility of Exs. P-110, P-136, P-137, P-141, and P-142 (Categories 2 and 3 Documents) is deferred until trial, subject to adequate foundation.

**B.      Hearth & Home's Motion in Limine to Exclude DOJ and FTC Evidence [Doc. No. 171]**

Counsel for Hearth & Home indicated at the pretrial hearing that no issue remains as to this motion.   Accordingly, it is denied as moot.

**C.      Hearth & Home's Motion in Limine to Exclude Evidence of its Internal Antitrust Policy and Guidelines [Doc. No. 172]**

Hearth & Home seeks to preclude J&M from presenting any evidence or argument regarding Hearth & Home's internal antitrust policy and guidelines, including issues regarding Hearth & Home's compliance with those policies.  At issue are the following three proposed trial exhibits: P65, P350, and P351.  (Hearth & Home's Mot. in Limine at 1 [Doc. No. 172].)

Hearth & Home argues that J&M may use these documents to suggest that Hearth & Home failed to follow its own antitrust policy and to then imply that such failure constitutes a violation of the Sherman Act.  (<u>Id.</u> at 2.)   Hearth & Home seeks the exclusion of this evidence pursuant to Rules 402 and 403, arguing that the evidence is irrelevant and should be excluded because its probative value is substantially outweighed by its prejudicial effect.  (<u>Id.</u>) (citing Fed. R. Evid. 403 & 403.)  Hearth & Home contends that the evidence may confuse the jury as to the law. (<u>Id.</u>)

Plaintiff opposes Hearth & Home's motion, arguing that evidence that Hearth & Home employees failed to follow the company's own internal antitrust policies is relevant to the "knowingly" or "voluntarily and intentionally" element of Plaintiff's conspiracy claim.  (Pl.'s Opp'n Mem. at 2 [Doc. No. 198].)   J&M argues that this evidence meets the test for relevance under Rule 401, because it "is of consequence in determining the action."  (<u>Id.</u>) (citing Fed. R. Evid. 401.)   In addition, J&M argues that Exhibit P65 is independently relevant because it was given to Plaintiff at the 2006 meeting with Hearth & Home at which Hearth & Home also provided the Distributor/Dealer Termination Information Checklist.  (<u>Id.</u> at 3-4) (citing Hockenberry Decl. ¶ 8 [Doc. No. 103].)

The parties cite cases in which district courts in other jurisdictions have reached contrasting results.  For instance, the courts in <u>In re Linerboard Antitrust Litig.</u>, 504 F. Supp. 2d 38, 58 n.13 (E.D. Pa. 2007), and <u>In re Tableware Antitrust Litig.</u>, No. C-04-3514 VRW, 2007 WL 781960, at *2 (N.D. Cal. Mar. 13, 2007), denied motions in limine to exclude the admission of a party's antitrust and compliance policies under Rule 403,

finding the evidence to be relevant and not unfair, while the courts in <u>MM Steel, LP v.</u>

<u>Reliance Steel & Aluminum Co.</u>, No. 4:12-CV-1227, 2013 WL 6588836, at *3 (S.D. Tex.

Dec. 16, 2013), and <u>United States v. North</u>, No. 3:06 CR 323 (CFD), 2007 WL 1630366,

at *1 (D. Conn. June 5, 2007), granted motions in limine to exclude such evidence,

finding that the evidence presented too great a risk that the jury would be misled about the

proper scope and interpretation of the Sherman Act.

The Court finds that the exhibits at issue here – P65, P350, and P351 – are

relevant.  They relate to the element of knowingly and intentionally participating in a

conspiracy.  <u>See, e.g.</u>, <u>Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp.</u>, 5 F. Supp.

2d 694, 703 (D. Minn. 1998) (requiring that the plaintiff demonstrate that the defendants

had a conscious commitment to a common scheme designed to achieve an unlawful

objective) (citation omitted).  However, certain information contained in the exhibits is

irrelevant and could potentially confuse the jury.  Accordingly, the parties met and

conferred in an effort to determine whether redactions and a curative instruction could be

given in order to satisfy the concerns of both J&M and Hearth & Home.  The parties

reached agreement with respect to certain redactions, but not others, and Hearth & Home

renewed its overall objection to the admission of this evidence.  The Court therefore

grants in part and denies in part Hearth & Home's motion as follows:

1.      With respect to P65, the parties agree to redactions, which this Court

accepts.

2.      As to P350, while the parties agree to certain redactions proposed by

Plaintiff, areas of dispute remain.  The Court accepts Plaintiff's redactions and requires further redactions, as noted below.

    a.    At HHT000987, Plaintiff shall redact the following two sentences: "All members must be sufficiently familiar with these important laws to recognize potential antitrust problems when they arise.  This Guide does not provide all the answers, but it will help you recognize situations you must avoid and situations in which the advice of the HNI Law Department (the "Law Department") must be obtained."

    b.    At HHT000988, Plaintiff shall redact the last paragraph, beginning, "Agreements with dealers . . . ," in its entirety.

3.    As to P351, the parties agree to some redactions, but disagree as to others. The Court accepts Plaintiff's redactions and requires further redactions, as noted below.

    a.    At HHT000994, the paragraph beginning, "With limited exceptions, . . . ." shall be redacted in its entirety.

    b.    In the third paragraph of HHT000994, the second and third sentences (beginning, "However, this right could be jeopardized . . . ," and "Even the appearance of . . .") shall be redacted, as the language is overly vague and potentially confusing to the jury.

4.      The Court will give the following limiting instruction to the jury concerning

these exhibits:

> The evidence you are about to hear relates to Hearth &
> Home's antitrust policies.  I will be instructing you on the
> antitrust laws that apply in this case.  You should not look to
> language in the policies to provide a statement of the antitrust
> laws that apply here – only the instructions I give you at the
> conclusion of the case apply to your consideration of J&M's
> antitrust claim.

**D.      Plaintiff's Motion in Limine No. 1 to Limit Evidence and Testimony
Related to Prior Settlement Negotiations and Settlement Agreement
[Doc. No. 179]**

This motion is granted in part as to Ex. D19, and is granted in part and denied in

part as to Exs. D3 and D5.  Any references to settlement amounts will be redacted from

Exs. D3 and D5, but these exhibits and testimony related to them may reflect that

consideration was paid.  In addition, the following limiting instruction will be given:

> Ladies and Gentlemen, you have heard testimony regarding an earlier
> compromised settlement agreement between J&M and Hearth & Home in
> 2001.  You are instructed that the terms of that settlement do not govern the
> resolution of the claims and defenses of the parties in this lawsuit.  You are
> instructed that the earlier settlement agreement does not resolve the claims
> and defenses in this suit.

**E.      Plaintiff's Motion in Limine No. 2 to Exclude Certain Testimony and
Evidence Related to Hearth & Home's Termination of J&M [Doc. No.
181]**

This motion is denied.

**F.      Plaintiff's Motion in Limine No. 3 to Exclude Testimony and Argument
that the 2001 Distributor Agreement or its Terms Governed the Parties'
Relationship from 2007 Forward [Doc. No. 183]**

This motion is denied.

> **G.     Plaintiff's Motion in Limine No. 4 to Exclude Evidence of Other Contracts [Doc. No. 185]**

This motion is deferred until trial.  It is anticipated that any effort to offer evidence of other contracts will be preceded by laying adequate foundation for the relevance of such contracts to this case.

> **H.     Plaintiff's Motion in Limine No. 5 to Exclude Testimony of Hearth & Home Witness V.P. Berger [Doc. No. 187]**

This motion is denied, subject to the understanding that Berger's testimony must be factual, based on his first-hand knowledge, and not contain hearsay.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Defendant Hearth & Home's Motion in Limine to Exclude Evidence of Net Profits Plaintiff Allegedly Would Have Earned on Certain Sales and to Reimburse Hearth & Home's Costs and Fees of Bringing this Motion [Doc. No. 170] is **WITHDRAWN in part** as to Exs. P-94 and P-131 (Category 1 Documents, as identified in Hearth & Home's Motion); and **DENIED in part** as to Exs. P-110 (Category 2 Document), P-136 (Category 2 Document), P-137 (Category 3 Document), P-141 (Category 2 Document), P-142 (Category 3 Document), P-264 (Category 4 Document), and P-459 through P-480 (Category 5 Documents), and **DENIED** as to the request for costs and fees. The Court's ruling with respect to the admissibility of Exs. P-110, P-136, P-137, P-141, and P-142 (Categories 2 and 3 Documents) is **DEFERRED until trial,** subject to adequate foundation;

2.   Defendant Hearth & Home's Motion in Limine to Exclude Evidence of DOJ and FTC Horizontal Merger Guidelines [Doc. No. 171] is **DENIED AS MOOT**;

3.   Defendant Hearth & Home's Motion in Limine to Exclude Evidence of its Internal Antitrust Policy and Guidelines [Doc. No. 172] is **GRANTED in part and DENIED in part**, and a limiting instruction will be given, as set

forth herein;

4.       Plaintiff's Motion in Limine No. 1 to Limit Evidence and Testimony Related to Prior Settlement Negotiations and Settlement Agreement Between the Parties [Doc. No. 179] is **GRANTED in part as to Ex. D19, and is GRANTED in part and DENIED in part** as to Exs. D3 and D5.  Any references to settlement amounts will be **REDACTED** from Exs. D3 and D5, but these exhibits and related testimony may reflect that consideration was paid, and a limiting instruction will be given;

5.       Plaintiff's Motion in Limine No. 2 to Exclude Certain Testimony and Evidence Related to Hearth & Home's Termination of J&M [Doc. No. 181] is **DENIED**;

6.       Plaintiff's Motion in Limine No. 3 to Exclude Testimony and Argument that the 2001 Distributor Agreement or its Terms Governed the Parties' Relationship from 2007 Forward [Doc. No. 183] is **DENIED**;

7.       Plaintiff's Motion in Limine No. 4 to Exclude Evidence of Other Contracts [Doc. No. 185] is **DEFERRED until trial**.  It is anticipated that any effort to offer evidence of other contracts will be preceded by laying adequate foundation for the relevance of such contracts to this case; and

8.       Plaintiff's Motion in Limine No. 5 to Exclude Testimony of Hearth & Home Witness V.P. Berger [Doc. No. 187] is **DENIED**, subject to the understanding that Berger's testimony must be factual, based on his first-hand knowledge, and not contain hearsay.


Dated:   January 12, 2015

                                                        s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Court Judge